## WASHINGTON CATERING CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7051.   Promulgated December 21, 1927.

*Bernard Greensfelder, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

LITTLETON.: The Board is of the opinion that petitioner 'was entitled to a deduction of $18,212.87 from gross income for the taxable year, representing the unextinguished cost or March 1, 1913, value of permanent improvements made by it to the leased premises in question. The improvements had a useful life greater than the term of the lease. The Commissioner determined a deduction for the taxable year of 8 per cent on the improvements. The lease contained no privilege of renewal. The improvements became the property of the lessor. The petitioner was entitled to exhaust its expenditures for the improvements over the term of the lease. *Gladding Dry Goods Co.*, 2 B. T. A. 336; *G. S. Stewart*, 2 B. T. A. 1016.

The Commissioner contends that inasmuch as petitioner continued to use the leased premises, together with the improvements thereon, it was entitled to a deduction in the taxable year of only a reasonable allowance for the exhaustion of the improvements which he determined to be 8 per cent. Had the petitioner upon the cancellation of the lease in question entered into a new lease for a term of years and had continued the use of the same premises in its business, we would require it to exhaust the unextinguished cost or March 1, 1913, value of these permanent improvements over the term of the new lease. *Werner & Werner Clothing & Furnishing Goods Co.*, 9 B. T. A. 69. However, petitioner did not make a new lease for a term of years. It merely continued to occupy the premises at will upon the solicitation of the owner. So far as petitioner's investment was concerned, it was in no different situation than it would have been had it rented another building. Upon cancellation of the lease there was no basis for the further ratable exhaustion of the cost of the improvements unless it would be upon the basis of the remaining useful life. We think that would be carrying the matter too far.

The lease did not become obsolete in the taxable year and even if it had a fair market price or value on March 1, 1913, which had not been exhausted at the date of cancellation, such unexhausted value could not be allowed as obsolescence. At January 1, 1919, the lease had 7 years, 9 months and 13 days to run. One feature of petitioner's business carried on in the leased premises had been prohibited but that does not prove that the lease was thereupon rendered valueless or obsolete. This probably caused the lease to be of less value to petitioner in its business; however, decline in value of property does not give rise to a deductible loss. *New York Life Insurance Co.* v. *Edwards*, 271, U. S. 109; *W. P. Davis*, 6 B. T. A. 1267; *Corn Exchange Bank*, 6 B. T. A. 158. Nor does the mere fact that property becomes of no use or of less use to a particular taxpayer in his business give rise to a deduction as a loss through obsolescence. *Marigold Garden Co., et al*, 6 B. T. A. 368. There is nothing in the record to indicate that the petitioner could not have sold the lease for some amount rather than cancel it. The mere fact that petitioner was given a right to cancel the lease, in the event it could not secure a license to conduct a dram shop, does not prove that whatever unexhausted March 1, 1913, value remained was deductible in its entirety in the year 1919 when the lease was canceled. The lease specifically provided that the premises were to be used in the conduct of a restaurant and in the sale of soft drinks, cigars, tobacco and liquor. Petitioner was not compelled to surrender the lease but was merely given the right to cancel it if he so desired. The lease still had a value in the conduct of the petitioner's business as is evidenced by the fact that it continued to lease the premises from month to month at the same rental.

Two witnesses testified that in their opinion the lease, as a whole, had a fair market value of $25,000 on March 1, 1913, but from a consideration of their testimony and the entire evidence in the record, the Board is not convinced that the lease, independent of the improvements made by petitioner, had any such market value on that date. These witnesses apparently based their opinion of the March 1, 1913, value upon the lease as a whole including the improvements which had been made costing more than $32,000. The only other circumstance mentioned by the witnesses as a basis of their opinion was that sometime after the lease was executed it became known that plans were being made to erect a large hotel and a theatre within a short distance of the leased premises. On the whole the Board is of the opinion that the March 1, 1913, value claimed, independent of the cost of improvements made by the lessee, has not been established. Petitioner could probably have sold the lease on March 1, 1913, for some amount in excess of the

rentals stipulated therein after it had expended large sums upon the premises for permanent additions and improvements, but these improvements do not enter into consideration of the March 1, 1913, value of the lease because the Commissioner and the Board have valued those improvements and the Board, as hereinbefore stated, has allowed a loss in respect of the unextinguished cost or March 1, 1913, value thereof. We are of the opinion that this deduction is all that the petitioner has established.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

PHILLIPS concurs in the result.